LANE, J.
said: This case shows two parties trying a question be *92 tween themselves, whether a third, not a party to the record, has not been guilty of the crime of unchastity. Before we commence the examination, it were well to inquire if the law will permit them to-enter into a discussion so injurious to Drusilla Bartholomew, the third party named. Courts are instituted to try questions pertaining to-the real interests of individuals; to settle substantial controversies; to preserve the peace of society; and where questions submitted to-their action are merely questions of speculation, and where their discussion is contra bonos mores, or against public policy; or where the investigation is j>alpably injurious to the interests or feelings of third persons, without affecting the substantial rights of the litigants, some means will be found to arrest the inquiry. As wagers,, which are real interests in England, cannot be recovered, if in their discussion a third person is interested. A wager on a point of law, or on a frivolous game, or the amount of the hop duties, or the sex of an individual, &c., Cowper 37, 729; 2 T. R,. 610; 1 T. R. 56, 9-The case of Cox v. Philips (R. Temp, of Hard. 237), was a frivolous issue, on the marriage of the defendant, injurious to Mildmay, a stranger to the record, and was held indecent.
It appears to us that these principles may be brought to bear on the present case. Cynthia Loughead had made a charge injurious to Drusilla Bartholomew, which was caused by the defendant’s-92] *uttering slander. Now Cynthia has a right, when pursued in court for the slander, to show, as matter of defence, that the charge is true; but when acting affirmatively in a suit against another, she has no right to insist on this proof at the expense of Drusilla. She has no vested interest in the truth of the slander worth preserving,, when its maintenance would affect a third person so injuriously. Drusilla may, if she will, defend her own reputation, or submit to the disgrace; but she is not obliged to adopt a stranger as the champion of her chastity, and abide by such exertions as she may choose to make. These are not the parties between whom that issue ought to be litigated. Besides, although the suits may, perhaps, have been brought against the defendant, who will act in good faith in making the defence, we cannot refrain from considering-that it would, if sustained, enable men wantonly and maliciously to prosecute investigations most injurious to the reputation, and revolting to the feelings of others, and so compel the courts to become the instruments of the mischief. We have no hesitation in asserting that courts owe it to a sense of their own dignity, to public policy, and to sound morals, to cut short such discussions. The very end of their institution requires of the court to act in this case,, *93 and prevent an investigation so injurious to the rights and feelings of Drusilla Bartholomew, while she is not in court, and is willing to remain silent. Under the influence of these views, we order the suit stricken from the docket, but give the plaintiff leave to move to reinstate it if he will. No motion was afterwards made. See also 3 T. R. 697; 1 Car. & P. 613; 4 John. 434.